# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| Hafeezah Salaam <br> _Debtor_ | CHAPTER 13 |
| MIDFIRST BANK <br> _Movant_ <br> vs. | NO. 19-17805 AMC |
| Hafeezah Salaam <br> _Debtor_ | |
| William C. Miller, Esquire <br> _Trustee_ | 11 U.S.C. Section 362 |

## STIPULATION

AND NOW, it is hereby stipulated and agreed by and between the undersigned as follows:

1. The Order entered on April 7, 2020 granting relief to Movant from the Automatic Stay is hereby vacated by agreement, and the stay is reimposed.

2. The post-petition arrearage on the mortgage held by the Movant on the Debtor's residence is **$3,945.92** which breaks down as follows;

| | |
|---|---|
| Post-Petition Payments: | January 1, 2020 to April 1, 2020 at $948.54/month |
| Late Charges: | January 1, 2020 to April 1, 2020 at $37.94/month |
| **Total Post-Petition Arrears** | **$3,945.92** |

3. The Debtor shall cure said arrearages in the following manner:

   a). The Order entered on April 7, 2020 granting relief to Movant from the Automatic Stay is hereby vacated by agreement, and the stay is reimposed.

   b). Within fourteen (14) days of Court approving the filing of this Stipulation, the Debtor shall make a down payment in the amount of **$3,945.92**.

4. Beginning with the payment due May 1, 2020 and continuing thereafter, Debtor shall pay to Movant the present regular monthly mortgage payment of $948.54 (or as adjusted pursuant to the terms of the mortgage) on or before the first (1st) day of each month (with late charges being assessed after the 15th of the month).

5. Should Debtor provide sufficient proof of payments made, but not credited (front & back copies of cancelled checks and/or money orders), Movant shall adjust the account accordingly.

6. In the event the payments under Sections 3 and 4 above are not tendered pursuant to the terms of this stipulation, Movant shall notify Debtor and Debtor's attorney of the default in writing and

the Debtor may cure said default within FIFTEEN (15) days of the date of said notice.  If Debtor should fail to cure the default within fifteen (15) days, Movant may file a Certification of Default with the Court and the Court shall enter an Order granting Movant immediate relief from the automatic stay and waiving the stay provided by Bankruptcy Rule 4001(a)(3).

7. If the case is converted to Chapter 7, Movant shall file a Certification of Default with the Court and the Court shall enter an order granting Movant relief from the automatic stay.

8. If the instant bankruptcy is terminated by either dismissal or discharge, this agreement shall be null and void, and is not binding upon the parties.

9. The provisions of this stipulation do not constitute a waiver by Movant of its right to seek reimbursement of any amounts not included in this stipulation, including fees and costs, due under the terms of the mortgage and applicable law.

10. The parties agree that a facsimile signature shall be considered an original signature.

Date: April 21, 2020By: /s/ Rebecca A. Solarz, Esquire
Attorney for Movant

Date: **April 27, 2020**
Henry Alan Jefferson, Esquire
Attorney for Debtor

Date: April 28, 2020/s/ Jack Miller, Esquire, for**No objection to its terms, without prejudice to any of our rights and remedies*
William C. Miller, Esquire
Chapter 13 Trustee

Approved by the Court this ____ day of _____, 2020.  However, the court retains discretion regarding entry of any further order.

**Date: April 29, 2020**Bankruptcy Judge
Ashely M. Chan