United States Bankruptcy Court
Eastern District of Pennsylvania

In re:  
Hafeezah Salaam  
    Debtor

Case No. 19-17805-amc  
Chapter 13

## CERTIFICATE OF NOTICE

District/off: 0313-2    User: Randi    Page 1 of 1    Date Rcvd: Apr 29, 2020  
                    Form ID: pdf900    Total Noticed: 1

Notice by first class mail was sent to the following persons/entities by the Bankruptcy Noticing Center on May 01, 2020.  
db          +Hafeezah Salaam,    5038 Irving Street,    Philadelphia, PA 19139-4111

Notice by electronic transmission was sent to the following persons/entities by the Bankruptcy Noticing Center.  
NONE.                                                                                                           TOTAL: 0

         ***** BYPASSED RECIPIENTS *****  
NONE.                                                                                        TOTAL: 0

Addresses marked '+' were corrected by inserting the ZIP or replacing an incorrect ZIP.  
USPS regulations require that automation-compatible mail display the correct ZIP.

Transmission times for electronic delivery are Eastern Time zone.

**I, Joseph Speetjens, declare under the penalty of perjury that I have sent the attached document to the above listed entities in the manner shown, and prepared the Certificate of Notice and that it is true and correct to the best of my information and belief.**

**Meeting of Creditor Notices only (Official Form 309): Pursuant to Fed. R. Bank. P. 2002(a)(1), a notice containing the complete Social Security Number (SSN) of the debtor(s) was furnished to all parties listed. This official court copy contains the redacted SSN as required by the bankruptcy rules and the Judiciary's privacy policies.**

Date: May 01, 2020                                        Signature:   /s/Joseph Speetjens

---

## CM/ECF NOTICE OF ELECTRONIC FILING

The following persons/entities were sent notice through the court's CM/ECF electronic mail (Email) system on April 29, 2020 at the address(es) listed below:  
         HENRY ALAN JEFFERSON    on behalf of Debtor Hafeezah  Salaam hjefferson@hjeffersonlawfirm.com,  
           hjeffersonone@gmail.com;r60499@notify.bestcase.com  
         REBECCA ANN SOLARZ    on behalf of Creditor    MIDFIRST BANK bkgroup@kmllawgroup.com  
         United States Trustee    USTPRegion03.PH.ECF@usdoj.gov  
         WILLIAM C. MILLER, Esq.    ecfemails@ph13trustee.com,    philaecf@gmail.com  
         WILLIAM EDWARD CRAIG    on behalf of Creditor    Santander Consumer USA Inc.  
           ecfmail@mortoncraig.com,    mhazlett@mortoncraig.com;mortoncraigecf@gmail.com  
                                                                                                        TOTAL: 5

**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| Hafeezah Salaam <br> _Debtor_ | CHAPTER 13 |
| MIDFIRST BANK <br> _Movant_ <br> vs. | NO. 19-17805 AMC |
| Hafeezah Salaam <br> _Debtor_ | |
| William C. Miller, Esquire <br> _Trustee_ | 11 U.S.C. Section 362 |

## STIPULATION

AND NOW, it is hereby stipulated and agreed by and between the undersigned as follows:

1. The Order entered on April 7, 2020 granting relief to Movant from the Automatic Stay is hereby vacated by agreement, and the stay is reimposed.

2. The post-petition arrearage on the mortgage held by the Movant on the Debtor's residence is **$3,945.92** which breaks down as follows;

| | |
|---|---|
| Post-Petition Payments: | January 1, 2020 to April 1, 2020 at $948.54/month |
| Late Charges: | January 1, 2020 to April 1, 2020 at $37.94/month |
| **Total Post-Petition Arrears** | **$3,945.92** |

3. The Debtor shall cure said arrearages in the following manner:

    a). The Order entered on April 7, 2020 granting relief to Movant from the Automatic Stay is hereby vacated by agreement, and the stay is reimposed.

    b). Within fourteen (14) days of Court approving the filing of this Stipulation, the Debtor shall make a down payment in the amount of **$3,945.92**.

4. Beginning with the payment due May 1, 2020 and continuing thereafter, Debtor shall pay to Movant the present regular monthly mortgage payment of $948.54 (or as adjusted pursuant to the terms of the mortgage) on or before the first (1st) day of each month (with late charges being assessed after the 15th of the month).

5. Should Debtor provide sufficient proof of payments made, but not credited (front & back copies of cancelled checks and/or money orders), Movant shall adjust the account accordingly.

6. In the event the payments under Sections 3 and 4 above are not tendered pursuant to the terms of this stipulation, Movant shall notify Debtor and Debtor's attorney of the default in writing and

the Debtor may cure said default within FIFTEEN (15) days of the date of said notice.  If Debtor should fail to cure the default within fifteen (15) days, Movant may file a Certification of Default with the Court and the Court shall enter an Order granting Movant immediate relief from the automatic stay and waiving the stay provided by Bankruptcy Rule 4001(a)(3).

7. If the case is converted to Chapter 7, Movant shall file a Certification of Default with the Court and the Court shall enter an order granting Movant relief from the automatic stay.

8. If the instant bankruptcy is terminated by either dismissal or discharge, this agreement shall be null and void, and is not binding upon the parties.

9. The provisions of this stipulation do not constitute a waiver by Movant of its right to seek reimbursement of any amounts not included in this stipulation, including fees and costs, due under the terms of the mortgage and applicable law.

10. The parties agree that a facsimile signature shall be considered an original signature.

Date:   April 21, 2020        By: */s/ Rebecca A. Solarz, Esquire*
                              Attorney for Movant

Date: **April 27, 2020**
                              _____
                              Henry Alan Jefferson, Esquire
                              Attorney for Debtor

Date:   *April 28, 2020*      */s/ Jack Miller, Esquire, for*        *No objection to its terms, without prejudice to any of our rights and remedies*
                              _____
                              William C. Miller, Esquire
                              Chapter 13 Trustee

Approved by the Court this _____ day of _____, 2020.  However, the court retains discretion regarding entry of any further order.

**Date: April 29, 2020**      _____
                              Bankruptcy Judge
                              Ashely M. Chan